IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRADFORD BOONE and CHRISTY BOONE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 21-cv-00432-SEH-SH ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) |

# OPINION AND ORDER

Before the Court is the motion of State Farm Fire and Casualty Company ("State Farm") to disqualify Plaintiffs' lead counsel, Benjamin D. Reed ("Reed"). State Farm phrases its motion as one to require Plaintiffs "to select" whether Reed will be "an advocate or witness," but Plaintiffs have indicated no intent to call Reed as a witness. Instead, it is State Farm who has simultaneously listed Reed as a potential witness while arguing to the Court that his testimony is irrelevant. State Farm's motion will be denied.

## *Background*

Plaintiffs Bradford and Christy Boone (the "Boones") brought this suit against State Farm in October 2021. (ECF No. 12.) The Boones allege State Farm failed to properly inspect their property or offer adequate compensation under their homeowners insurance following an April 2020 storm. (*Id.* ¶¶ 9-21.) As a result, Plaintiffs have asserted claims for breach of contract, bad faith, and constructive fraud. (*Id.* ¶¶ 22-54.)

In January 2021, during the claims process, Reed informed State Farm that he had been retained as counsel by the Boones. (ECF No. 63-1.) After litigation was filed, Plaintiffs deposed State Farm's corporate representative, Brett Barthelme. (ECF No. 63-3.) Reed questioned Barthelme at the deposition and represented to Barthelme that he

had spoken with State Farm claims adjuster John Thomas in January 2021 about the status of the claim. (*Id.* at 2-3[1] (lines 49:19-25).) Based on this gratuitous representation, and over State Farm's objection, Reed asked Barthelme, "Why wasn't I advised of what State Farm required in order to handle this claim?" (*Id.* at 2-3 (lines 49:25-50:1).) Reed also asked Barthelme whether the claim file should reflect this phone call. (*Id.* at 3 (lines 50:7-10).)

Reed has also offered an affidavit in this case. On May 19, 2023, State Farm moved for summary judgment on all of Plaintiffs' claims. (ECF No. 72.) In opposing summary judgment, Plaintiffs have offered various "additional disputed facts." (ECF No. 88 at 14-18.) These additional facts include Reed's affidavit, asserting that he had a lengthy telephone call with Thomas, that this call was not documented in the claims file, that Thomas made certain statements during that phone call, and that Thomas failed to advise that State Farm needed additional information or that State Farm would be denying any part of Plaintiffs' claim. (*Id.* at 15 ¶ 8; ECF No. 88-12.) In its summary judgment reply, State Farm argues that Reed's affidavit is "not relevant or material." (ECF No. 94 at 2 ¶ 8.)

Despite this, the only party to list Reed as a potential witness is State Farm. (*See* ECF No. 79 at 6 & 9;[2] *see also* ECF No. 64-6 (Plaintiffs' preliminary witness list containing no mention of Reed).) It does not appear, however, that State Farm intends to call Reed during its case-in-chief. Instead, State Farm appears to be arguing that Reed may become a rebuttal witness for Plaintiffs once Thomas testifies or that Reed may interject his

---

[1] References to page numbers refer to the ECF header.

[2] Plaintiffs assert that "State Farm . . . identified Mr. Reed as a witness in its Preliminary Witness & Exhibit List . . . ." (ECF No. 79 at 9.) While Plaintiffs do not attach a copy of this list, State Farm does not dispute this assertion in its reply.

personal knowledge to challenge Thomas's testimony in the form of argument.[3] (ECF No. 92 at 3.) State Farm argues that Reed should be disqualified from serving as Plaintiffs' counsel if he is a witness to the alleged bad faith. (ECF No. 63 at 3-4.)

## *Analysis*

### I. Legal Standard

A court has "broad discretion" in determining whether an attorney should be disqualified. *Weeks v. Indep. Sch. Dist. No. I-89*, 230 F.3d 1201, 1211 (10th Cir. 2000). The party seeking disqualification bears the burden of proving that disqualification is necessary. *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1299 (D. Colo. 1994); *Alstatt v. Bd. of Cnty. Comm'rs for Okla. Cnty.*, No. CIV-22-811, 2023 WL 5019914, at *1 (W.D. Okla. Aug. 7, 2023); *Com. Com. Partners, LLC v. Milliken & Co.*, No. 22-cv-00020, 2022 WL 17093650, at *3 (D. Utah Nov. 21, 2022).

Two sources of authority govern motions to disqualify in federal court. *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994). "First, attorneys are bound by the local rules of the court in which they appear." *Id*. Under the local rules of this Court, attorneys are expected to conduct themselves in accordance with the Oklahoma Rules of Professional Conduct ("ORPC").[4] *See* LGnR 3-2; *see also* Okla. Stat. tit. 5, ch. 1, app. 3-a. Second, motions to disqualify "are decided by applying standards developed under federal law" and are consequently "governed by the ethical rules announced by the national

---

[3] To the extent State Farm is concerned that Reed will make inappropriate statements at trial, this is better addressed through a motion in limine or an objection before the trial judge.

[4] Federal district courts typically adopt the professional rules of the state in which they sit. *Cole*, 43 F.3d at 1383.

profession and considered in light of the public interest and the litigants' rights." *Cole*, 43 F.3d at 1383 (citation and internal quotations marks omitted).

Although this Court must consult the ORPC, it is "not bound by state-court interpretations of such rules." *Acct. Principals, Inc. v. Manpower, Inc.*, 599 F. Supp. 2d 1287, 1291 (N.D. Okla. 2008). However, "it would arguably create difficulties for practitioners in Oklahoma [if federal courts were] to adopt an interpretation of [the ORPC] different from that adopted by the Oklahoma Supreme Court." *Weeks*, 230 F.3d at 1214 (Briscoe, J., concurring). Thus, the Court applies federal standards "while attempting to avoid any inconsistencies with state law that would create procedural difficulties for practitioners in Oklahoma." *Acct. Principals*, 599 F. Supp. 2d at 1291 (citation and internal quotation marks omitted).

When considering a motion to disqualify, a court "must carefully balance the interest in protecting the integrity of the judicial process with the right of a party to have counsel of its choice." *State Farm Mut. Auto. Ins. Co. v. Dowdy ex rel. Dowdy*, 445 F. Supp. 2d 1285, 1287 (N.D. Okla. 2006). "Motions seeking the disqualification of opposing counsel are 'viewed with suspicion, and the Court must guard against the possibility that disqualification is sought to secure a tactical advantage in the proceedings.'" *Madden v. Elara Caring, LLC*, No. CIV-19-1178, 2021 WL 4301493, at *1 (W.D. Okla. Sept. 21, 2021) (citation omitted).

## II.     ORPC 3.7: The Witness-Advocate Rule

State Farm seeks to disqualify Reed under ORPC 3.7(a). "Rule 3.7 prohibits a lawyer from serving a dual role in the trial of a case as both an advocate and a witness except in specific circumstances." *Bell v. Okla. City*, No. CIV-16-1084, 2017 WL 3219489, at *2 (W.D. Okla. July 28, 2017). Rule 3.7(a) specifically provides:

>  (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) disqualification of the lawyer would work substantial hardship on the client.

Okla. Stat. tit. 5, ch. 1, app. 3-a, Rule 3.7(a). The rule "protects the integrity of the judicial process by: (1) eliminating the possibility that the lawyer will not be an objective witness, (2) reducing the risk that the finder of fact may confuse the roles of witness and advocate, and (3) promoting public confidence in a fair judicial system." *Jensen v. Poindexter*, 2015 OK 49, ¶ 12, 352 P.3d 1201, 1206. That said, "Rule 3.7 lends itself to opportunistic abuse," especially where it is the movant who intends to call opposing counsel as a witness. *Waldrop v. Discover Bank (In re Waldrop),* No. 15-14689, 2016 WL 6090849, at *5 (Bankr. W.D. Okla. Oct. 18, 2016) (quoting *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009)); *see also* Okla. Stat. tit. 5, ch. 1, app. 3-a, Scope ("[T]he purpose of the [ORPC] can be subverted when they are invoked by opposing parties as procedural weapons.").

### III. Is Reed Likely to be a Necessary Witness?

For Rule 3.7(a) to apply, Reed must likely be a "necessary witness," and the Court starts its analysis there. A "necessary witness" is "narrowly defined . . . to mean a witness with knowledge of facts 'to which he will be the only one available to testify.'" *Bell*, 2017 WL 3219489, at *2 (quoting *Macheca Transp. Co. v. Phila. Indem. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006)). An attorney is not a necessary witness just because he or she had "direct communications with the opposing party that are relevant to a claim or defense." *Id.* Although an attorney's testimony may be "relevant" or "highly useful," that does not

5

mean it is "strictly necessary." *Id.* (quoting *Macheca*, 463 F.3d at 833). An attorney is a necessary witness only "if his or her testimony is relevant, material and unobtainable elsewhere." *World Youth Day*, 866 F. Supp. at 1302; *see also Waldrop*, 2016 WL 6090849, at *6 ("The attorney's testimony is not 'necessary' if it is merely cumulative.").

Here, there is no indication that Reed is likely to be a necessary witness. Despite State Farm listing Reed on its preliminary witness list, State Farm has asserted that Reed's only known knowledge is "not relevant or material." (ECF No. 94 at 2 ¶ 8.) Moreover, this knowledge relates to an alleged telephone call between Reed and Thomas, the State Farm adjuster. State Farm does not assert that Thomas will be unavailable as a witness. Instead, it appears that Thomas has been deposed in this case (ECF No. 79 at 9), and State Farm "agrees that the adjuster could and will testify about his communications with Mr. Reed, but his recollection is different than that of Mr. Reed's" (ECF No. 92 at 3). State Farm does not need to call Reed to obtain evidence of this one telephone call; indeed, it appears State Farm would prefer that Thomas's testimony remain unchallenged.

Moreover, Plaintiffs have not listed Reed as a witness in this case. As such, it appears that—at trial—Plaintiffs will present their case without calling Reed as a witness. At some point, either as part of Plaintiffs' case or in State Farm's defense, Thomas may be called as a witness. And, perhaps, a party will ask Thomas whether he had a telephone call with Reed and what happened on that call. There certainly is precedent for the proposition that, in such an instance, Reed might potentially be a rebuttal witness. *See, e.g., Crussel v. Kirk,* 1995 OK 41, ¶¶ 10-12, 894 P.2d 1116, 1119-20 (discussing, under Oklahoma law, attorney testimony as rebuttal witness where attorney did not serve as advocate at trial). But, Plaintiffs have made no indication that they intend to call Reed as

6

a witness in such a circumstance, and Plaintiffs likely would have to disclose Reed as a secondary witness in their final pretrial order or risk not being able to call him at trial. At this point, it does not appear likely that Reed will be a necessary witness for any party.

IT IS THEREFORE ORDERED that *Defendant State Farm Fire and Casualty Company's Motion to Require Plaintiffs to Select Role of Attorney Ben Reed as Either an Advocate or Witness* (ECF No. 63) is DENIED.

ORDERED this 17th day of April, 2024.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT